UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTHA J. SPURLOCK, | ) | Case No. EDCV 14-01521-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER AFFIRMING DECISION OF |
| | ) | THE COMMISSIONER OF SOCIAL |
| CAROLYN W. COLVIN, | ) | SECURITY |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On July 30, 2014, Martha J. Spurlock ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on November 30, 2014. On March 24, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50-year-old female who applied for Supplemental Security Income benefits on June 23, 2011, alleging disability beginning May 24, 2011.  (AR 10.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 23, 2011, the application date.  (AR 12.)

Plaintiff's claim was denied initially on September 22, 2011 and on reconsideration on March 6, 2012.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mark B. Greenberg on January 14, 2013 in Moreno Valley, California.  (AR 10.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 10.)  Vocational Expert ("VA") Mary E. Jesko also appeared and testified at the hearing.  (AR 10.)

The ALJ issued an unfavorable decision on February 1, 2013.  (AR 10-21.)  The Appeals Council denied review on June 11, 2014.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ properly considered whether the Plaintiff meets or equals Listing 12.05C.

2.    Whether the ALJ properly considered the lay witness testimony.

3.    Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.

4.    Whether the ALJ properly considered the findings of examining physician Dr. Gilewski.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

1  924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by
2  substantial evidence and based on the proper legal standards).

3       Substantial evidence means "'more than a mere scintilla,' but less than a
4  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting
5  Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such
6  relevant evidence as a reasonable mind might accept as adequate to support a
7  conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation
8  omitted).

9       This Court must review the record as a whole and consider adverse as well as
10  supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).
11  Where evidence is susceptible to more than one rational interpretation, the ALJ's
12  decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599
13  (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole
14  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"
15  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.
16  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

18       The Social Security Act defines disability as the "inability to engage in any
19  substantial gainful activity by reason of any medically determinable physical or mental
20  impairment which can be expected to result in death or . . . can be expected to last for a
21  continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),
22  1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to
23  determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

24       The first step is to determine whether the claimant is presently engaging in
25  substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the
26  claimant is engaging in substantial gainful activity, disability benefits will be denied.
27  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether
28  the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at

3

746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 23, 2011, the application date. (AR 12.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: panniculectomy; lap band/bariatric surgery; brachioplasty; degenerative disc disease; history of obesity; traumatic fracture of T12, post-surgery kyphoplasty, fusion, and instrumentation; episode of migraine type of headaches; multiple sclerosis; history of hepatitis C; history of hypertension; hypothyroidism; history of optic neuritis; depression; anxiety; cognitive disorder; history of drug and/or alcohol abuse.  (AR 12-13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 13-14.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> . . . occasional postural activities but Claimant cannot climb ladders, ropes, scaffolds.  Claimant is to avoid work that requires exposure to ordinary hazards.  Claimant is limited to unskilled work that is two-step tasks.  Claimant is limited to monocular work.  Claimant is limited to frequent reaching and/or gross manipulation.

(AR 14-19.)  In determining the above RFC, the ALJ made an adverse credibility determination.  (AR 16.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a preschool teacher, deli worker, and cashier.  (AR 19.)  The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of optical lens inserter, bench hand and final assembler.  (AR 20-21.)

1    Consequently, the ALJ found that Claimant was not disabled, within the meaning

2    of the Social Security Act.  (AR 21.)

3                                            **DISCUSSION**

4          The ALJ decision must be affirmed.  The ALJ's determination that Plaintiff does

5    not meet or equal a listing is supported by substantial evidence.  The ALJ properly

6    discounted Claimant's subjective symptom testimony for clear and convincing reasons,

7    properly discounted Claimant's daughter's statements for germane reasons and properly

8    discounted Dr. Gilewski's opinion for specific, legitimate reasons.  Thus, the ALJ's RFC

9    is supported by substantial evidence.

10         The ALJ's nondisability determination is supported by substantial evidence and

11   free of legal error.

12   **I.     THE ALJ'S STEP THREE DETERMINATION THAT PLAINTIFF
            DOES NOT MEET OR EQUAL A LISTING IS SUPPORTED BY
13          SUBSTANTIAL EVIDENCE**

14         At step three of the sequential process, the ALJ found that, after considering "all

15   pertinent listings," Claimant's impairments, considered singly or in combination, "do not

16   meet or medically equal the criteria of any listing."  (AR 13.)  Plaintiff contends that this

17   finding is insufficient and that the medical evidence of record establishes that she meets

18   the criteria for Listing 12.05C.  The Court disagrees.

19         **A.     Relevant Federal Law**

20         Social Security regulations provide that a claimant is disabled if he or she meets

21   or medically equals a listed impairment.  20 C.F.R. § 416.920(a)(4)(iii) ("If you have an

22   impairment that meets or equals one of listings . . . we will find that you are disabled");

23   20 C.F.R. § 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1

24   or is equal to a listed impairment(s), we will find you disabled without considering your

25   age, education, and work experience").  In other words, if a claimant meets or equals a

26   listing, he or she will be found disabled at this step "without further inquiry."  Tackett v.

27   Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  There is no need for the ALJ to complete

28

                                                    6

1  steps four and five of the sequential process.  Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.
2  2001).

3       The listings in Appendix 1 describe specific impairments considered "severe
4  enough to prevent an individual from doing gainful activity, regardless of his or her age,
5  education, or work experience." 20 C.F.R. § 404.1525.  An impairment that meets a
6  listing must satisfy all the medical criteria required for that listing.  20 C.F.R.
7  § 404.1525(c)(3) (emphasis added).  An impairment cannot meet a listing based only on
8  a diagnosis.  Section 404.1525(d).  Medical equivalence will be found if the impairment
9  "is at least equal in severity and duration to the criteria of any listed impairment." 20
10 C.F.R. § 404.1526(a).  Medical equivalence is based on symptoms, signs and laboratory
11 findings.  20 C.F.R. § 404.1529(d)(3).

12      The Ninth Circuit in Lewis, 236 F.3d at 512, held that an ALJ must evaluate the
13 relevant evidence before concluding that a claimant's impairments do not meet or equal
14 a listing.  The Court further declared, "A boilerplate finding is insufficient to support a
15 conclusion that a claimant's impairments do not do so."  Id.  Lewis cited as authority
16 Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990), a case relied on heavily by Plaintiff
17 here.  Lewis, however, distinguished Marcia by noting that Marcia "simply requires the
18 ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not
19 specify that the ALJ must do so under the heading 'Findings.'"  Lewis, 236 F.3d at 513.
20 Lewis found that the ALJ sufficiently discussed and evaluated the evidence before
21 concluding that the claimant did not meet the listing for mental retardation.  Id. at 514.
22 Lewis also held that the ALJ's failure to discuss equivalence in that case was not
23 reversible error because the claimant failed to offer any theory, plausible or otherwise,
24 how his impairments combined to equal a listed impairment and because the claimant
25 pointed to no evidence his combined impairments equal a listing.  Id.

26      **B.    Analysis**

27      To begin, as in Lewis, the ALJ here sufficiently discussed and evaluated all
28 relevant evidence before concluding that Plaintiff did not meet or equal any listing.  The

fact that he did so for the most part elsewhere in his decision rather than in his step three finding is immaterial.  Lewis, 236 F.3d at 513 (Marcia "simply requires an ALJ to discuss and evaluate evidence that supports his or her conclusions; it does not specify that the ALJ must do so under the heading 'Findings'"); Kruchek v. Barnhart, 124 Fed. Appx. 825, 825 (9th Cir. 2005) (adequately analyzed evidence elsewhere in decision); Harris v. Astrue, 2009 WL 801347*7 (N.D. Cal.) (discussion and evaluation of evidence at step four supported ALJ's step three conclusion that impairments did not meet or equal Listing 1.04; "Lewis does not require that support for the ALJ's conclusion be placed in a specific section of the Report").

The ALJ found that no treating or examining physician recorded findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment.  (AR 13.)  Plaintiff, however, asserts that she meets the criteria of Listing 12.05C for mental retardation.  An impairment that meets a listing, however, must satisfy all the medical criteria for that listing.  20 C.F.R. § 404.1525(c)(3).  The requirements to meet Listing 12.05C include the following:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22.

> The required level of severity for this disorder is met when the requirements in A, B, C or D are satisfied.

> * * *

> C.  A valid verbal performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

1    Plaintiff plainly does not meet <u>all</u> the criteria of Listing 12.05C.  Plaintiff relies

2    solely on a finding made by clinical psychologist Dr. Gabriel Gamboa that Plaintiff's full

3    scale IQ score was 70.  (AR 19.)  Dr. Gamboa, however, did not indicate that Plaintiff

4    was mentally retarded or met the criteria of Listing 12.05C.

5    The ALJ, moreover, made specific findings that Plaintiff has the medically

6    determinable severe mental impairment of cognitive disorder.  (AR 13, 14.)  The ALJ

7    further found that there was no medical evidence to establish the medical determinable

8    impairment of borderline intellectual functioning (AR 13, 14) required to meet Listing

9    12.05C.  Dr. Gamboa diagnosed Plaintiff with depressive disorder and indicated

10   Claimant's overall cognitive ability fell in the borderline to extremely low range of

11   functioning on test results.  (AR 14, 19, 211.)  Dr. Gamboa found Claimant's insight and

12   judgment and concentration to be in the low average range and her fund of knowledge in

13   the borderline range of functioning.  (AR 14.)  Dr. Gamboa diagnosed only mild

14   limitations in ability to understand and carry out simple and detailed instructions, and to

15   make simplistic work-related decisions, and mild to moderate limitation in her ability to

16   interact with supervisors, co-workers and peers.  (AR 19, 212.)  State agency reviewers

17   found a cognitive disorder with no more than mild limitations, not borderline intellectual

18   functioning.  (AR 13, 19.)  Plaintiff does not discuss or respond to the ALJ's finding or the

19   evidence supporting that finding that Plaintiff has a cognitive disorder, not borderline

20   intellectual functioning.

21   Plaintiff also cannot establish "deficits in adaptive functioning initially manifested

22   during the developmental period," with onset of the impairment before age 22.  Listing

23   12.05.  Indeed, Plaintiff alleges an onset date of May 24, 2011 when she was 46 years

24   old and stated she was not disabled prior to age 22.  (AR 130.)  She completed the 12th

25   grade and worked as a substitute pre-school teacher in 2010-11.  (AR 15.)  Plaintiff's

26   attorney, moreover, acknowledged there was no medical evidence supporting

27   subaverage intellectual functioning before age 22:

28

1         There were three mental health listings I thought were of

2         relevant concern, 12.05 because of the psychological evaluator had

3         her at an IQ of 70, which is valid.  And that would require that she has

4         a history of learning problems going back many years, back to before

5         she was 22.  But I'm not sure that's established.

6    (AR 54.)  Plaintiff does not discuss or respond to this admission by counsel or to the

7    evidence that Plaintiff did not have deficits in adaptive functioning before age 22,

8    required to meet Listing 12.05C.

9         The ALJ, moreover, is not required to discuss equivalency unless Plaintiff

10   presents evidence to establish equivalency.  Burch v. Barnhart, 400 F.3d 676, 683 (9th

11   Cir. 2005) ("ALJ is not required to discuss the combined effects of a claimant's

12   impairments or compare them to any listing in an equivalency determination, unless the

13   claimant presents evidence in an effort to establish equivalence"); Kennedy v. Colvin,

14   738 F.3d 1172, 1174 (9th Cir. 2013) (when presenting an equivalence argument, a

15   claimant must present medical findings equal in severity to all the criteria for one of the

16   listed impairments).  Here, Plaintiff merely cites her IQ score and other impairments but

17   failed to offer any theory, plausible or otherwise, how her impairments combined to equal

18   a listed impairment or to point to evidence her combined impairments equal a listing.

19   Lewis, 236 F.3d at 514.  As already noted, moreover, the ALJ found that no treating or

20   examining physician recorded findings equivalent in severity to the criteria of any listed

21   impairment, nor does the evidence show medical findings that are the same or

22   equivalent to those of any listed impairment.  (AR 13.)

23        Plaintiff bears the burden of proving she meets or equals a listed impairment.

24   Burch, 400 F.3d at 683.  Plaintiff failed to meet her burden.  The ALJ's finding that

25   Plaintiff does not meet or equal any listing is supported by substantial evidence.

26   **II.    THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

27        Plaintiff challenges the ALJ's RFC.  She contends that the ALJ improperly

28   discounted her subjective symptoms, improperly discounted her daughter's testimony

and improperly discounted the findings of her examining physician, Dr. Gilewski.  The Court disagrees.  The ALJ's RFC is supported by substantial evidence.

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

### A.   The ALJ Properly Discounted Plaintiff's Subjective Symptom Testimony

Plaintiff contends that the ALJ erred in discounting her subjective symptom allegations.  The Court disagrees.

#### 1.   Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only

by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

        2.   Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairment reasonably could be expected to cause Plaintiff's alleged symptoms. (AR 16.)  The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (AR 16.)  Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility.  Smolen, 80 F.2d at 1283-84.  The ALJ did so.

First, the ALJ found that Plaintiff's alleged symptoms and limitations are greater than expected in view of the objective medical evidence and the record as a whole.  (AR 16, 19.)  An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch, 400 F.3d at 680-81.  Plaintiff merely repeats Burch's holding that inconsistency with the medical evidence is insufficient by itself to discount credibility but then fails to dispute or discuss the ALJ's finding that Plaintiff's symptoms are greater than expected in view of the objective medical evidence.  Here, the ALJ found that an MRI examination of the chest in 2010 was unremarkable, an MRI examination of the brain was unremarkable and a CT scan of the ocular globes and orbits was normal.  (AR 17.)  In 2012, she was found to have neurologic deficits.  (AR 17.)  Dr. Robert Nguyen, a consulting internist, opined that Plaintiff occasionally can push, pull, lift and carry ten pounds and five pounds frequently; she can stand and walk for six hours in an eight hour workday; she has no sitting restrictions, and does not require an assisting device to ambulate.  (AR 18.)  As already noted, Dr. Gamboa and

1  State agency reviewers found only mild to moderate limitations in cognitive functioning.

2  (AR 13, 19.)

3      Second, the ALJ found that medical records indicated a lack of more aggressive

4  treatment and routine, conservative and non-emergency treatment since the alleged

5  onset date.  (AR 16.)  The ALJ concluded these facts suggest Claimant's symptoms

6  were not as severe as alleged.  (AR 16.)  An ALJ may consider conservative treatment

7  in evaluating credibility.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

8  Plaintiff does not discuss or address the ALJ's finding of conservative treatment.

9      Third, the ALJ found there was no evidence of muscle atrophy or spasm in the

10  evidence.  (AR 16.)  The ALJ inferred that, although the Claimant experienced some

11  degree of pain in her back and shoulders, the pain has not altered her use of those

12  muscles to an extent that resulted in atrophy.  (AR 16.)  The lack of muscle atrophy is a

13  legitimate consideration in evaluating credibility.  Meanel v. Apfel, 172 F.3d 1111, 1114

14  (9th Cir. 1999) (no muscle atrophy); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir.

15  2001) (no muscle atrophy).  Plaintiff does not discuss or address the ALJ's finding that

16  lack of muscle atrophy undermines her credibility.

17      Fourth, the ALJ found that Plaintiff's alleged symptoms were inconsistent with her

18  daily activities (AR 14, 18, 19), which is a legitimate basis for discounting credibility.

19  Bunnell, 947 F.2d at 345-46.  Plaintiff admitted at the hearing she could lift five pounds,

20  stand for one hour and sit for a good period.  (AR 15.)  She goes grocery shopping, and

21  walks and drives short distances.  (AR 15.)  Her daughter admitted that Plaintiff could

22  perform simple work mentally.  (AR 16.)

23      Plaintiff disputes the ALJ's adverse credibility finding but it is the ALJ who has the

24  responsibility for resolving ambiguities in the record.  Andrews v. Shalala, 53 F.3d 1035,

25  1039 (9th Cir. 1995).  Where the ALJ's interpretation of the record evidence is

26  reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

27      The ALJ properly discounted Plaintiff's subjective symptom allegations for clear

28  and convincing reasons supported by substantial evidence.

13

**B.    The ALJ Properly Considered Claimant's Daughter's Testimony**

Plaintiff contends that the ALJ erred in discounting the statements of Claimant's daughter.  The Court disagrees.

1.    Relevant Federal Law

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis, 236 F.3d at 511; Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence").  Lay witness testimony cannot be disregarded without comment.  Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006).  In rejecting lay witness testimony, however, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does not "clearly link his determination to those reasons" and substantial evidence supports the ALJ's decision.  Lewis, 236 F.3d at 512.  The ALJ also may "draw inferences logically flowing from the evidence."  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  An ALJ is not required to address lay witness statements that report the same symptoms alleged by the claimant and rejected by the ALJ.  Valentine v. Commissioner Soc. Sec. Adm., 574 F.3d 685, 694 (9th Cir. 2009) ("[i]n light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because the [lay witness'] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness'] testimony").

2.    Analysis

Claimant's daughter Febee (Phoebe) Spurlock  testified at the hearing that Claimant was forgetful and had to be reminded about things.  (AR 16.)  She also noted Claimant had difficulty getting out of bed due to back and shoulder pain.  (AR 16.)  The daughter, however, acknowledged Claimant could perform simple, unskilled work

14

1  mentally.  (AR 16.)  The ALJ specifically noted he considered the daughter's testimony

2  but gave greater weight to the medical evidence, objective signs and findings,

3  longitudinal clinical presentation and medical source statements of record.  (AR 16.)

4        Inconsistency with the objective medical evidence is a germane reason for

5  discounting the daughter's statement.  See Bayliss v. Barnhart, 427 F.3d 1211, 1218

6  (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony

7  of lay witnesses"; "[i]nconsistency with medical evidence is one such reason"); Lewis,

8  236 F.3d at 511 ("One reason for which an ALJ may discount lay testimony is that it

9  conflicts with medical evidence"); see also Vincent v. Heckler, 739 F.2d 1393, 1395 (9th

10  Cir. 1984) (same).

11        Relying on Taylor v. Comm., 659 F.3d 1228, 1234 (9th Cir. 2011), however,

12  Plaintiff contends that the ALJ cannot discount lay testimony as "unsupported" by the

13  medical evidence of record.  Plaintiff's reliance on Taylor is misplaced.  Bayliss, Lewis

14  and Vincent clearly hold that "inconsistency" with the medical evidence is a germane

15  reason for discounting lay witness testimony.  The Court does not believe the Ninth

16  Circuit would overrule these precedents without discussion.  Bayliss, Lewis and Vincent,

17  moreover, held that "inconsistency" is a germane reason for discounting lay testimony

18  whereas Taylor holds that an ALJ cannot discount lay testimony because "unsupported"

19  by medical evidence.  As other courts have observed, moreover, Taylor is based on prior

20  law no longer applicable.  Bond v. Astrue, 2010 WL 4272870 (C.D. Cal.); Brown v.

21  Colvin, 2014 WL 6388540 (D. Or.); Glover v. Astrue, 835 F. Supp. 2d 1003, 1012-14 (D.

22  Or. 2011).  As these cases explain, Taylor is based on Smolen which relied on SSR 88-

23  13 for the "unsupported by medical evidence" language.  Bond, 2010 WL 4272870, at *2.

24  SSR 88-13 has been superseded by 20 C.F.R. § 404.1529(c)(3) which provides that lay

25  witness subjective symptom testimony can be considered when consistent with the

26  objective medical evidence.  Thus, inconsistency with the medical evidence is a

27  germane reason for discounting lay witness testimony.

28

The ALJ discounted Plaintiff's daughter's testimony for germane reasons supported by substantial evidence.

### C.   The ALJ Discounted Dr. Gilewski's Opinion For Specific, Legitimate Reasons

Plaintiff contends that the ALJ improperly discounted the opinion of Dr. Michael Gilewski, Ph.D., who conducted a neuropsychological assessment of Claimant on November 13, 2012.  (AR 18.)  The Court disagrees.

1.   Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957.  Where a treating physician's opinion is contradicted by an examining professional's opinion, the

16

1   Commissioner may resolve the conflict by relying on the examining physician's opinion

2   if the examining physician's opinion is supported by different, independent clinical

3   findings.

4   See Andrews, 53 F.3d at 1041; Orn, 495 F.3d at 632.  Similarly, to reject an

5    uncontradicted opinion of an examining physician, an ALJ must provide clear and

6   convincing reasons.  Bayliss, 427 F.3d at 1216.  If an examining physician's opinion is

7   contradicted by another physician's opinion, an ALJ must provide specific and legitimate

8   reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by

9   itself constitute substantial evidence that justifies the rejection of the opinion of either an

10  examining physician or a treating physician"; such an opinion may serve as substantial

11  evidence only when it is consistent with and supported by other independent evidence in

12  the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

13              2.      Analysis

14         Dr. Gilewski conducted his assessment to clarify the nature and extent of

15  Plaintiff's cognitive problems secondary to multiple sclerosis ("MS").  (AR 18.)  He found

16  disparities in performance levels across Plaintiff's abilities.  (AR 18.)  Plaintiff had

17  impaired visual functioning not attributable to her eyes and impaired visual memory.  (AR

18  18.)  Claimant's attention was low average, and her verbal learning and memory was low

19  average.  (AR 18.)  All these difficulties were attributed to her MS.  (AR 18.)  Dr. Gilewski

20  opined that Plaintiff was disabled based on her cognitive problems.  (AR 413.)  He

21  recommended Claimant for short term neuropsychological treatment and trial of

22  computerized cognitive rehabilitation.  (AR 18.)

23         The ALJ discounted Dr. Gilewski's opinion to the extent it supports greater

24  limitation than found in the ALJ's RFC, and that the objective and anecdotal evidence do

25  not support a preclusion from 2 step tasks.  (AR 18.)  The ALJ discounted Dr. Gilewski's

26  opinion for several reasons.  First, he found that Dr. Gilewski's opinion was inconsistent

27  with the longitudinal clinical presentation and objective signs and symptoms and other

28  medical evidence of record.  (AR 18.)  As already noted, based on the MRI findings and

1  the opinion of Dr. Nguyen, the ALJ concluded that greater limitations than found in the

2  RFC are not warranted.  An ALJ may discount a medical source opinion that is

3  inconsistent with other medical evidence and opinion.  Tonapetyan v. Halter, 242 F.3d

4  1144, 1150 (9th Cir. 2001) (contradictory opinions of other physicians provide specific,

5  legitimate reasons for rejecting a medical source opinion); Hawkins v. Colvin, 2014 WL

6  4215643*6 (W.D. Va.) (physician opinion inconsistent with longitudinal evidence of

7  record); Coute v. Colvin, 2014 WL 371049 (W.D. Wash) (medical opinion inconsistent

8  with longitudinal psychological evidence).  Plaintiff never discusses the ALJ's finding that

9  Dr. Gilewski's opinion is inconsistent with the medical evidence of record.

10       Second, the ALJ found that Dr. Gilewski's opinion was inconsistent with

11  Claimant's daily activities discussed above.  An inconsistency between a doctor's

12  opinion and Plaintiff's own observed abilities is a reason for not relying on the opinion.

13  Bayliss, 427 F.3d at 1216; Rollins, 261 F.3d at 856.

14       Third, the ALJ discounted Dr. Gilewski's opinion based on daily activities,

15  Plaintiff's  testimony at the hearing and anecdotal evidence that establish Plaintiff's

16  subjective complaints to be less than credible.  (AR 18.)  A physician's opinion based on

17  subjective complaints of a claimant whose credibility has been discounted can be

18  properly disregarded.  Tonapetyan, 242 F.3d at 1149; Tommasetti, 533 F.3d at 1038;

19  McCoy v. Astrue, 648 F.3d 605, 617 (8th Cir. 2011) (ALJ did not err in discrediting

20  mental RFC assessment of neurologist based in part on a claimant's self-reported

21  symptoms found less than credible).

22       The ALJ discounted Dr. Gilewski's opinion to the extent inconsistent with

23  Claimant's RFC for specific, legitimate reasons supported by substantial evidence.

24                                * * *

25       The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

26  determination is supported by substantial evidence and free of legal error.

27

28

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED:  April 16, 2015                          _____/s/ John E. McDermott_____
                                                JOHN E. MCDERMOTT
                                                UNITED STATES MAGISTRATE JUDGE